11-1800-cv
Decker v. N.Y. State Dep't of Corr. Servs.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of June, two thousand twelve.

PRESENT: JON O. NEWMAN,
RALPH K. WINTER,
REENA RAGGI,
*Circuit Judges.*

------------------------------------------------------------------------

CHARLES DECKER, NEW YORK STATE
CORRECTIONAL OFFICERS & POLICE
BENEVOLENT ASSOCIATION, INC.,
*Plaintiffs-Appellants*,

v.                                          No. 11-1800-cv

NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES, BRIAN FISCHER, in
his official capacity, GLENN GOORD, in his official
capacity and individually, RICHARD ROY, in his official
capacity and individually, HAROLD GRAHAM, in his
official capacity and individually, JOSEPH BELLNIER,
in his official capacity and individually, VINCENT
LUME, in his official capacity and individually,
*Defendants-Appellees*.[*]

------------------------------------------------------------------------

[*] The Clerk of Court is directed to amend the official caption as shown above.

1

APPEARING FOR APPELLANTS:     LAWRENCE SCHAEFER (Edward J. Greene, Jr., *on the brief*), Sheehan Greene Golderman & Jacques LLP, Albany, New York.

APPEARING FOR APPELLEES:     ROBERT M. GOLDFARB, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Nancy A. Spiegel, Senior Assistant Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Neal P. McCurn, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 3, 2011, is AFFIRMED.

Plaintiffs, Correctional Officer Charles Decker and the New York State Correctional Officers and Police Benevolent Association, Inc., appeal from an award of summary judgment for defendants on Decker's 42 U.S.C. § 1983 unreasonable seizure claim. Decker alleges that defendants, in violation of the Fourth and Fourteenth Amendments, unreasonably detained him for approximately six hours in his workplace based solely on an inmate's accusation of sexual assault. We review an award of summary judgment de novo, see Tracy v. Freshwater, 623 F.3d 90, 95 (2d Cir. 2010), and may affirm a district court's judgment for any reason supported by the record, see 10 Ellicott Square Court Corp. v. Mountain Valley Indem. Co., 634 F.3d 112, 125 (2d Cir. 2011). Applying these standards, we assume the parties' familiarity with the facts and the record of prior proceedings, and reference them only as necessary to explain our decision to affirm.

2

Decker asserts that the district court erred in failing to recognize that, even if he was detained for criminal investigative purposes, defendants had no probable cause to believe that he committed the alleged sexual assault. See Cerrone v. Brown, 246 F.3d 194, 199–200 (2d Cir. 2001). The argument fails because, even assuming that Decker's initial detention was for purposes of criminal investigation,[1] the inmate's accusation of sexual assault was sufficient to provide probable cause—or, at a minimum, arguable probable cause—until an investigation undermined the inmate's credibility. See Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 119 (2d Cir. 1995); see also Amore v. Novarro, 624 F.3d 522, 536 (2d Cir. 2010) ("Arguable probable cause exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met.").

After the inmate's credibility was undermined, defendants may not have had arguable probable cause to detain Decker further. Nevertheless, for purposes of sound prison administration, it was entirely reasonable for defendants to require Decker—as a condition of his continued employment—to remain at work for an additional three hours so that the accusation, even though apparently false, could be more fully investigated. See Biehunik v. Felicetta, 441 F.2d 228, 231 (2d Cir. 1971) (declining to require probable cause where

---

[1] Because the record satisfactorily demonstrates at least arguable probable cause, we need not here consider whether the circumstances of Decker's initial segregation were sufficiently distinguishable from the detention in Cerrone not to demonstrate an exclusive criminal investigative purpose.

3

officer's seizure was not "conducted exclusively with criminal prosecution in mind"). Whether or not a labor contract allowed Decker to ask for the investigation to be delayed, nothing in the record indicates that superior officers exceeded the reasonable bounds of their administrative purpose during the remaining time at issue. Indeed, Decker received overtime compensation, and the inmate was eventually criminally prosecuted for making a false statement to the criminal investigators. On this record, no constitutional claim against defendants can be pursued. See id. (observing that so long as actions of superior officers "remain within reasonable bounds, there can hardly be that affront to expectations of personal autonomy which marks the state's coercive power in the typical arrest case").[2]

We have considered plaintiffs' remaining arguments and conclude that they are without merit. Accordingly, the district court's judgment is AFFIRMED.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[2] Insofar as defendant Commissioner Goord is sued in his individual capacity, the lack of any evidence demonstrating his personal involvement in the events at issue further supports judgment in his favor. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (requiring personal involvement by defendant in constitutional violation to support § 1983 action).